IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE WALTER BREWSTER, III, | : |
| Plaintiff, | : |
| V. | : NO. 4:23-cv-00092-CDL-MSH |
| JUDGE WILLIAM SMITH, *et al.*, | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff George Walter Brewster, III, an inmate in the Muscogee County Jail in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also moved for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

Upon review of these documents, the Court finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits were dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged that he is in imminent danger of serious physical injury. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is now **DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma*

*pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brewster v. Turner*, Case No. 4:21-cv-00014 (M.D. Ga. Mar. 3, 2021) (dismissing for failure to state a claim), ECF No. 5; Order Dismissing Compl., *Brewster v. Am. Int'l Movers, Inc.*, Case No. 4:20-cv-00045 (M.D. Ga. Mar. 12, 2020) (dismissing for failure to state a claim), ECF No. 5; Order Adopting R. & R., *Brewster v. Dist. Atty's Office*, Case No. 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020) (dismissing for failure to state a claim), ECF No. 7; *see also* Order Dismissing Compl., *Brewster v. Muscogee Cty. Police Dep't*, Case No.

4:21-cv-00048-CDL-MSH (M.D. Ga. May 24, 2021) (dismissing case under the three strikes rule). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his complaint, Plaintiff asserts that the defendants have blocked him from making bond and have otherwise interfered with his due process rights in his criminal trial. Nothing in these allegations suggests that Plaintiff is in danger of physical injury, much less that he is in imminent danger of serious physical injury. Accordingly, Plaintiff does not qualify for the exception to the three-strikes rule.

Plaintiff's motion to proceed in this action *in forma pauperis* is therefore **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

**SO ORDERED**, this **8th** day of **June, 2023**.

    S/Clay D. Land
    CLAY D. LAND
    U.S. DISTRICT COURT JUDGE
    MIDDLE DISTRICT OF GEORGIA

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $402.00 filing fee.